that the circumstances relating to the liquidation of the said entries are similar in all material respects to those involved in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 54890.—American Textile Co., Inc., et al. v. United States, protests 152225–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 54891.—B. Altman & Co. v. United States, protests 155014–K and 156760–K (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 54892.—Bohemian Distributing Co. et al. v. United States, protests 120696–K, etc. (Los Angeles).

Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

No. 54893.—M. Adler's Son, Inc., et al. v. United States, protests 153732–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the facts and issues herein are similar to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importer. In accordance